W. Zev Abramson, Esq. #289387
Wza@abramsonlabor.com
Nissim M. Levin, Esq. #306376
Nissim@abramsonlabor.com
Christina Begakis, Esq. #316779
Christina@abramsonlabor.com
Karen Hakobyan, Esq. #334282
Karen@abramsonlabor.com
ABRAMSON LABOR GROUP
11846 Ventura Blvd., Suite 100
Studio City, California 91604
(213) 453-6300 - Telephone
(213) 382 4083 - Facsimile

Attorneys for Plaintiff,
NICHOLAS NAND

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS NAND, an individual,<br><br>Plaintiff,<br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-01142-DJC-AC<br><br>**NOTICE OF MOTION AND MOTION TO FILE FIRST AMENDED COMPLAINT; POINTS AND AUTHORITIES; DECLARATION OF KAREN HAKOBYAN**<br><br>**Hearing**<br>Date: October 12, 2023<br>Time: 1:30 PM<br>Courtroom.: 10, 13th floor<br><br>Complaint filed: May 2, 2023<br>Trial Date: None Set |

PLEASE TAKE NOTICE that on October 12, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the above-entitled court, Plaintiff NICHOLAS NAND (hereinafter "Plaintiff") will and hereby does move this Court for an order granting leave to file Plaintiff's proposed First Amended Complaint ("FAC").

Plaintiff's motion is based on Federal Rule of Civil Procedure 15(a) and this Notice of Motion and Motion, the Memorandum of Points and Authorities, Declaration of Karen Hakobyan, as served and filed wherewith, the records and file herein, and on such evidence as may be presented at the hearing of this motion.

MOTION FOR LEAVE TO AMEND

1

Plaintiff is aware of the Court's requirement to specify the page, line, and paragraph numbers of inserted and deleted information. However, the proposed amended complaint has undergone so substantial a revision that to perform such an undertaking would not well serve the Court's purpose in reviewing the changes. Instead, Plaintiff has attached to the Declaration of Karen Hakobyan, Esq., a document showing all revisions.

DATED: August 15, 2023            **ABRAMSON LABOR GROUP**

By:_____
    Karen Hakobyan, Esq.
    Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Nicolas Nand ("Plaintiff") respectfully requests leave of the Court to file a First Amended Complaint. The purpose of this amendment is to add a newly discovered party, Mr. Joe Bermeo ("Mr. Bermeo"), as an individual defendant and to introduce new claims as well as a new cause of action for disability harassment. Claims against Mr. Bermeo stem from the same set of circumstances, facts, and witnesses already present in this case. Notably, Mr. Bermeo served as Plaintiff's supervisor. Instead of initiating a separate action against Mr. Bermeo, Plaintiff aims to include these claims in the current case.

Furthermore, given that the parties have not yet commenced discovery, the First Amended Complaint will not result in any delays in the litigation process. As such, the First Amended Complaint will not cause undue delay or prejudice to Defendant, and it is necessary to thoroughly represent Plaintiff's claims, ensuring the interests of justice are upheld.

Upon discovering the identity and details associated with the new Defendant, Plaintiff promptly engaged in "meet and confer" communications with Defendant FEDEX GROUND PACKAGE SYSTEM, INC ("FEDEX"),

However, despite Plaintiff's good faith efforts, Defendant declined to stipulate to the filing of the First Amended Complaint. This has compelled Plaintiff to request the Court's permission by filing the present motion.

In light of the above, the Court is respectfully urged to grant Plaintiff's leave to file a First Amended Complaint.

## II. STATEMENT OF FACTS

This action arises out of Plaintiffs' employment in Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("Defendant FEDEX"). Plaintiffs currently have stated fifteen causes of action, including 1) Disability Discrimination 2) Failure to Prevent Disability 3)

Failure to Accommodate in Violation of FEHA 4) Failure to Engage in the Good Faith Interactive Process 5) Retaliation in Violation of FEHA 6) Wrongful termination in Violation of Public Policy 7) Failure to Pay All Wages Owed 8) Failure to Pay Overtime Compensation 9) Failure to Pay Minimum Wage 10) Failure to Provide Meal Periods 11) Failure to Pay Rest Breaks 12) Failure to Pay Wages Due Upon Termination; Waiting Time Penalties 13) Failure to Issue Accurate and Itemized Wage Statements, 14) Failure to Indemnify and 15) Unlawful business practices in violation of CA B&P Code 7200.

During Plaintiff's further investigation of the matter, the name of a non-diverse DOE defendant, JOE BERMEO (hereinafter "Mr. Bermeo"), and additional legal theory and facts were discovered. On July 11, 2023, Plaintiff's Counsel emailed a copy of the First Amended Complaint to Defendant's Counsel requesting that they review the First Amended Complaint and stipulate to the filing of the FAC. On July 12, 2023, Defendant's Counsel declined to stipulate to the proposed FAC. Declaration of Karen Hakobyan, Esq. ("Hakobyan Decl.") ¶4. On July 13, 2023, Plaintiff's Counsel emailed a further meet and confer letter and requested that Defendant respond by July 17, 2023, as to whether Defendant was willing to stipulate to the proposed changes. ("Hakobyan Decl.") ¶4. Plaintiff now moves to file a first amended complaint to add an additional legal theory, party, and details to the complaint. Defendant communicated their refusal to stipulate the filing of the First Amended Complaint, which has led to the filing of the present motion.

Now, Plaintiff seeks permission to file the First Amended Complaint to introduce an additional legal theory, include Mr. Bermeo as a party, and provide further details to the complaint.

### III. ARGUMENT

#### A. Authority

A party may amend its complaint by leave of court, which leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). The Rule "reinforces one of the basic policies of the federal rules-that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." *Foman v.*

*Davis,* 371 U.S. 178, 182 (1962); *see also Fuhrer v. Fuhrer,* 292 F.2d 140, 143 (7th Cir. 1961) ("The federal rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings"). In addition, the Ninth Circuit requires that the policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F. 2d 1074, 1079 (9th Cir. 1990).

The court has wide discretion when granting leave to amend. *Id.* Four factors determine whether leave should be granted: bad faith, undue delay, prejudice to opposing party, and/or futility. *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). These factors are not of equal weight in that delay, alone, is insufficient to justify denial of leave to amend. *DCD Programs Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). When making the determination, inferences are drawn "in favor of granting the motion." *Griggs,* 170 F.3d at 880.

### B. The First Amended Complaint is Not Barred by the Statute of Limitations

Here, the amendment is timely as the statute of limitations for the claims against Mr. Bermeo and FEDEX has not expired. Although Plaintiff could file a separate action as to the new doe defendants, it would relate to the same circumstances, facts and witnesses in this case.

However, an amended pleading permitted under the standards of Fed. R. Civ. Proc. 15(a) "relates back" to the date of original pleading when the amendment changes the name of the party against whom a claim is asserted and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth in the original pleading. (Fed. R. Civ. Proc. 15(c)). In addition, for relation back to apply when a new party is named, the party named in the amended complaint must have had fair notice of the claim and have been aware that, "but for a mistake concerning the identity of the proper party," the party would have been named originally. Fed. R. Civ. Proc. 15(c)(3).

In deciding whether to grant or deny a request to add an amendment to a federal civil rights complaint to add Doe Defendants, the federal court is guided *by Merritt v. County of Los Angeles,* 875 F.2d 765, 768 (9th Cir. 1989), in which the court held that in federal civil rights actions, the federal courts will follow state rules of procedure and practice. Thus, *Merritt* held that under California relation back rules, there is no notice-to-defendants requirements as in FRCP, Rule 15(c). California Code of Civil Procedure § 474 states in pertinent part that when a plaintiff "is ignorant of the name of a defendant, he must state that fact in the complaint... and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly...."

Plaintiffs discovered the true names of the Doe Defendant named herein subsequent to filing the complaint and before discovery has begun. It is well established that even where Plaintiff knows of the existence of a defendant sued as a Doe, and even where his actual identity is known (albeit his/its name), the plaintiff is "ignorant" within the meaning of the statute if he lacks knowledge of that person's connection with the case or with his injuries." *General Motors Corp. v. Superior Court* 48 Cal. App. 4th 580, 594 (1996); *see also Gallas v. Supreme Court of Pennsylvania,* 211 F. 3d 760, 777 (3d Cir. 2000) (citing *Nelson v. County of Allegheny,* 60 F.3d 1010, 1014 n.6 (3d Cir. 1995)) (replacing a "Doe" defendant with the real name of a party changes a party within the meaning of Rule 15(c)(3)).

In the present case, Plaintiff's original Complaint was filed on May 2, 2023. Plaintiff seeks to add an additional legal theory, details, and party related to the same course of conduct. Because the amendments pertain to the same course of conduct originally pled in the earlier Complaint, the statute of limitations is no bar to adding them.

/ / /
/ / /
/ / /
/ / /

### C. **Leave to Amend in the Present Case Should Be Granted Because It Is In The Interests Of Justice And There Is No Prejudice To Defendants.**

An opponent to a motion for leave to amend a complaint has the burden of alleging the prejudice that it would suffer to override the liberal right to amend embodied by Fed. R. Civ. P. 15, See *PCD Programs. Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) ("The party opposing amendment bears the burden of showing prejudice."). An opponent who fails to articulate specific examples of how it would be prejudiced and what it would have done differently had it been made aware of the claim earlier cannot successfully argue to deny leave. See *Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450, 453 (D. Del. 1984) (opposing party must "explain precisely the additional discovery that it will need" to rebut amending claims, and must specifically show how it was deprived of the opportunity to present facts or evidence had the amendments been timely filed).

There has been and can be no prejudice here because discovery has not yet been conducted, allowing the amendment would not prolong this litigation or cause FEDEX to incur additional expenses, and the facts upon which the amended complaint is based are substantially similar to the facts alleged in the original complaint. *See Ascon Properties, Inc. v. Mobile Oil Co.,* 866 F.2d 1149, 1161 (9th Cir. 1989) (refusing to grant leave to amend because defendant would be prejudiced "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery"); *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

Even if some prejudice to FEDEX were found, it would be outweighed by the prejudice to Plaintiff if leave to amend were denied. See, e.g., *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 599-600 (5th Cir. 1980). The denial of leave to amend the complaint would force Plaintiff to institute an entirely new lawsuit against Mr. Bermeo, contrary to the aim of judicial economy, See id. A court will examine the prejudice to the movant which would result if the amendment were denied. movant. See *Cornwall v. U.S. Construction Mfg.,* Inc., 800 F.2d 250, 253 (Fed. Cir. 1986) (great importance given to the

prejudicial effect on movant if leave denied); Stevens v. Gay, 792 F.2d 1000, 1003 (11th Cir. 1986); Henderson v. U.S. Fidelity & Guar. Co., 620 F.2d 530, 534 (5th Cir. 1980). The Federal Rules clearly favor consolidating litigation to facilitate the resolution of disputes as efficiently and expeditiously as possible. See Dussouy 660 F.2d at 600.

In the present case, Plaintiff specifically alleged facts against the individual defendant, Mr. Bermeo, in the amended complaint; Mr. Bermeo was the FEDEX supervisor responsible for disability harassment against Plaintiff in violation of FEHA and Mr. Bermeo's absence will prejudice Plaintiff and hinder Plaintiff from asserting his rights against a supervisor directly involved in the alleged harassing conduct. Plaintiff will be forced to file a separate case in state courts to pursue the disability harassment against the individual defendant.

Additionally, Plaintiff seeks leave to amend his complaint to add claims of Disability Harassment in Violation of FEHA. Plaintiff will be able to plead these claims with particularity, and the amendment is sought based on the factual allegations supporting Plaintiff's current causes of action. Plaintiff has already pled that Defendants discriminated against him based on his disability and now seeks to amend his complaint to include personal liability for individual Defendant harassing Plaintiff in violation of FEHA. Allowing Plaintiff to plead these claims is in furtherance of justice in this case because Defendants' unlawful conduct gives rise to causes of action that a jury will likely find caused serious injury to Plaintiff in violation of the laws of the State of California.

Furthermore, it is crucial to consider the stage of the proceedings. Given that we are still at a very early stage in the discovery process, allowing Plaintiff to amend the complaint to include additional Defendant should not result in undue prejudice against Defendant. At this point, the amendment would not disrupt the ongoing proceedings and could be accommodated smoothly.

Finally, the amendments Plaintiff proposes are all related to the facts originally pleaded in this action, so no prejudice will result by Plaintiff having "delayed" the inclusion or amendment of legal theories stated for the first time in the proposed FAC.

### D. **Plaintiff's Amendment is not Motivated by Bad Faith**

By seeking to amend its complaint, Plaintiff is not attempting "to prolong meritless litigation by making repeated and baseless amendments to their complaint; nor is there any evidence of wrongful motive." *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). To the contrary, after discovering the true name of the Doe Defendant, new facts, claims, and legal theories, Plaintiff promptly informed Defendant FEDEX of his intention to amend the complaint and is pursuing these claims in good faith.

### E. **Plaintiff's Amendment is not Futile.**

An amendment is futile when "it appears beyond doubt" that the plaintiff could "prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1983). If the underlying facts or circumstances could possibly "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Poman v. Davis*, 371 U.S. 178, 182 (1962). Therefore, if this Court finds a colorable claim, it must grant Plaintiff's motion for leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186(9th Cir. 1987). Given this, Plaintiff's disability harassment claims against the individual Defendant Mr. Bermeo present a clear context for potential relief and, as such, should be allowed to proceed.

### IV. CONCLUSION

It is in the interest of justice to permit Plaintiffs to amend the Complaint to join Bermeo and allege additional legal theories and details. Plaintiffs, therefore, respectfully requests that the Court grant their Motion for Leave to File a First Amended Complaint.

DATED: August 16, 2023                              ABRAMSON LABOR GROUP

By:_____
Karen Hakobyan, Esq.
Attorneys for Plaintiff
NICHOLAS NAN