UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS NAND,<br><br>　　　　　Plaintiff,<br>　　v.<br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br><br>　　　　　Defendant. | No. 2:23-cv-01142 DJC AC<br><br><br>ORDER |

  Plaintiff originally filed this action in San Joaquin County Superior Court alleging a variety of claims connected to Plaintiff Nicholas Nand's employment with Defendant Fedex Ground Package Systems, Inc. and events related to an injury he suffered during his employment.  Defendant removed the case to this Court on the basis of diversity jurisdiction.  Plaintiff now seeks to amend the complaint to add an additional non-diverse defendant, Joe Bermeo, and claim for disability harassment in violation of the Fair Employment and Housing Act ("FEHA") against Defendant and Bermeo.

  For the reasons stated below, the Court grants Plaintiff's Motion to Amend the Complaint (ECF No. 4) and remands this action to the San Joaquin County Superior Court.

## BACKGROUND

Plaintiff filed the Complaint in this action in San Joaquin County Superior Court on May 2, 2023. (Compl. (ECF No. 1-1 at 5–22) at 1.) Therein, Plaintiff asserts a total of fifteen claims for (1) disability discrimination in violation of FEHA, (2) failure to prevent disability discrimination in violation of FEHA, (3) failure to accommodate in violation of FEHA, (4) failure to engage in the good faith interactive process, (5) retaliation in violation of FEHA, (6) wrongful termination in violation of public policy, (7) failure to pay all wages owed, (8) failure to pay overtime compensation, (9) failure to pay minimum wage, (10) failure to provide meal periods, (11) failure to provide rest breaks, (12) failure to pay wages due upon termination; waiting time penalties, (13) failure to issue accurate and itemized wage statements, (14) failure to indemnify, and (15) unlaw business practices in violation of California Business and Professions Code § 17200. (*Id.*)  These claims stem from a work-related foot injury Plaintiff allegedly suffered on or around June 11, 2022, when "a heavy barbeque grill caused the conveyor belt to drop onto Plaintiff's foot[ ]" and he was left "unable to walk or move his foot and experienced unbearable pain." (*Id.* ¶¶ 9–10.)  Plaintiff claims that after he was injured, he was instructed by "Joe" to "not go to the emergency room and to stay out of work as Defendant worked to find a workers' compensation doctor to examine Plaintiff's work-related foot injury."  (*Id.* ¶ 12.)  After remaining out of work for a week utilizing his paid time off, Plaintiff "attempted to return to work but was instructed by Defendant's management, Michelle, Joe, and Adrian, that he needed to stay out of work until he was cleared by a workers' compensation doctor provided to him by Defendant[ ]" and ". . . that he needed to wait to be contacted by Defendant's workers' compensation doctor and could not seek medical treatment from an emergency room or his personal doctor, otherwise, Plaintiff's work-related injury would be 'out of [Defendant's management's] hands.'" (*Id.* ¶¶ 13–16.)  Defendant alleges that his employment was terminated on July 8, 2022, due to his disability even though the stated reason was "for being a no call, no show[.]"  (*Id.* ¶¶ 18–19.)

1	Defendant removed this action to federal court on June 15, 2023, on the basis
2	of diversity jurisdiction. (Notice of Removal (ECF No. 1).) Plaintiff has now filed a
3	Motion to Amend the Complaint. (Pl.'s Mot. (ECF No. 4).) Defendant has filed an
4	opposition (Def.'s Opp'n (ECF No. 6)) and Plaintiff has filed a reply (Pl.'s Reply (ECF
5	No. 7)).

## MOTION TO AMEND COMPLAINT

7	Plaintiff seeks to amend the complaint to add a defendant, Joe Bermeo, and a
8	new claim for disability harassment under FEHA against Defendant and Bermeo. (Pl.'s
9	Mot. at 3.) Bermeo was previously mentioned in the Complaint as a member of
10	Defendant's management team. (*See* Compl. ¶¶ 12, 15.) Plaintiff's Proposed
11	Amended Complaint ("PAC") adds an allegation that when Plaintiff informed Bermeo
12	that he was unable to work after his injury, "Bermeo started yelling at Plaintiff, stating,
13	'Hey, you need to come to f***ing work, and if you don't, we are going to f***ing
14	terminate you. I don't believe that you're injured.'" (PAC (ECF No. 4-1 at 4–24) ¶ 12.)
15	Plaintiff's Proposed Amended Complaint specifies that "Joe" in the original
16	Complaint, who told Plaintiff to not go to the emergency room and was a part of the
17	management team that later told Plaintiff he could not return to work until he was
18	cleared by the worker's compensation doctor, was Bermeo. (*Id.* ¶ 13.) Based on these
19	allegations, Plaintiff seeks to add a claim against all defendants (Defendant and
20	Bermeo) for disability harassment in violation of FEHA. (*Id.* ¶ 32–42.)
21	Plaintiff's Motion requests that the Court grant leave to amend under Federal
22	Rule of Civil Procedure 15. (Pl.'s Mot. at 4–9.) Defendant opposes the Motion arguing
23	that Plaintiff seeks to join Bermeo, a non-diverse individual, in order to destroy
24	diversity jurisdiction and have this action remanded back to state court. (Def.'s Opp'n
25	at 4.) Defendant argues that as the amendment would join a non-diverse defendant,
26	the Court should apply the standard for joinder of such parties under 28 U.S.C.
27	§ 1447(e), not the Rule 15 amendment standard, and that the Court should exercise its
28	discretion under Section 1447(e) to deny Plaintiff's Motion. (*Id.* at 5–6.) In his reply,

3

Plaintiff does not contest that joining Bermeo would destroy diversity but argues that Rule 15 is the appropriate standard as he is seeking to amend the complaint but that the Court should still grant his motion even if it determines the Section 1447(e) joinder standard applies. (Pl.'s Reply at 3-9.) On October 12, 2023, the Court held oral argument. (ECF No. 9.) Karen Hakobyan appeared on behalf of Plaintiff and Defendant Gregory L. Blueford appeared on behalf of Defendant. (*Id.*)

## I. Legal Standard

Generally, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded" and leave to amend should be freely given in the absence of "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, 28 U.S.C. § 1447(e) states that where after removal a plaintiff seeks to join additional defendants "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Historically, there has been disagreement between courts in this circuit as to what standard to apply when a Plaintiff seeks to amend a complaint to add defendants who would destroy diversity jurisdiction. *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606–07 (S.D. Cal. 2014) (detailing the split of authorities amongst courts in the Ninth Circuit). Some courts have applied a standard analysis for granting leave to amend under Rule 15. *McGrath*, 298 F.R.D. at 606; *see, e.g., Matthews Metals Products, Inc. v. RMB Precision Metal Products, Inc.*, 186 F.R.D. 581, 582–83 (N.D. Cal. 1999). Others have elected to scrutinize an amendment that would destroy diversity under Section 1447(e). *McGrath*, 298 F.R.D. at 606–07. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087–88 (C.D. Cal. 1999). This split between courts has not been officially resolved but it appears most district courts have determined that the

appropriate standard in such cases is the Section 1447(e) analysis. *See Garcia v. Welltower OpCo Group, LLC*, No. 8:20-cv-02250-JVS (KESx), 2023 WL 2612605, at *5 (C.D. Cal. Mar. 23, 2023) (noting that the "weight of authority" in the Ninth Circuit finds that Section 1447(e) governs). The Court is unaware of any recent decision by another court in this circuit that elects to apply a standard Rule 15 amendment analysis in this situation. This also seems the only logical conclusion; to apply a Rule 15 standard where a plaintiff seeks to join defendants who would destroy diversity would be to render 28 U.S.C. § 1447(e) largely obsolete and "allow [a] plaintiff to 'improperly manipulate the forum of an action.'" *Garcia*, 2023 WL 2612605, at *5 (quoting *Clinco*, 41 F. Supp. 2d at 1087. The Court agrees with the prevailing view that the permissive language of Section 1447(e) applies.

In applying a Section 1447(e) analysis, courts consider the following factors:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *3 (E.D. Cal. Dec. 8, 2020); *see* Garcia, 2023 WL 2612605, at *6. "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." *Reyes*, 2020 WL 7224286, at *3 (quoting *Cruz v. Bank of N.Y. Mellon*, No. 5:12-cv-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)). Where diversity is the only basis for a court's subject matter jurisdiction, joinder of non-diverse parties divests the court of jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (2001).

## II. Analysis

### A. Necessity of Joinder

The necessity of joinder weighs in favor of permitting amendment to add Bermeo as failure to join him will lead to separate and redundant actions. Under Federal Rule of Civil Procedure 19, parties are required to be joined if "[their] absence would preclude the grant of complete relief, or [their] absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082. While courts consider Rule 19 in conducting the Section 1447(e) analysis, *see Sandhu v. Volvo Cars of North America, LLC*, No. 16-cv-04987-BLF, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017), compared to Rule 19, the question of whether to allow joinder is more permissive under Section 1447(e), requiring only that "failure to join will lead to separate and redundant actions[.]"[1] *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000); *see Reyes*, 2020 WL 7224286, at *3 (noting that the standard for joinder under 1447(e) is less restrictive than Rule 19). However, the joinder of defendants who would destroy diversity is generally disallowed "where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012.

Here, Plaintiff seeks to allege disability harassment claims based in part on the actions of Bermeo. (*See* PAC ¶¶ 32–42.) Defendants note that in the Proposed Amended Complaint, Bermeo and Defendant are jointly and severally liable for this claim. (*Id.*; *see* Pl.'s Reply at 3 ("As such, [Defendant and Bermeo] are jointly and

---

[1] While some district courts refer to this factor as the necessity of joinder under Rule 19, in practice they consider whether parties would be required under Rule 19(a) (which would weigh *strongly* in favor of permitting amendment under section 1447(e)), but also apply a more relaxed standard for necessary joinder. It is important to note that in considering the joinder of non-diverse parties, the Ninth Circuit simply looks to the potential prejudice to the plaintiff and balance the equities, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998), which district courts accomplish by balancing the factors identified above.

severally liable.")) Defendant then argues that California Labor Code § 2802 would require that Defendant reimburse Bermeo "for the costs of the employee's defense as well as any settlement or judgment resulting from a third-party action based on conduct within the course and scope of employment." (Def.'s Opp'n at 6–7.) Courts have previously found that where a company has stipulated an employee was acting in the scope of their employment, joinder was not necessary given California's respondeat superior doctrine. *See e.g., Diaz v. Starbucks Corporation*, No. 22-cv-07625-DMR, 2023 WL 6447294, at *3 (N.D. Cal. Oct. 3, 2023) (also collecting cases). Notably however, Defendant has not stipulated to the fact that Bermeo was acting within the scope of his employment. (Pl.'s Reply at 5.) In the absence of a stipulation or admission, denying joinder may necessarily result in separate and redundant actions should Defendant subsequently assert that Bermeo was acting outside the scope of his employment. *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011–12. That is appropriate here given that to state a FEHA harassment claim, the harassment in question generally must be "outside the scope of job duties which are not of a type necessary to business and personnel management." *Lawler v. Montblanc North America, LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (quoting *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998)). It is therefore entirely plausible that Defendant may seek to argue that Bermeo's alleged acts were outside the scope of his employment.

Bermeo is also not simply tangentially related to the cause of action. In the current operative complaint, Bermeo is the only member of Defendant's management team mentioned more than once. (*See* Compl. ¶¶ 12, 15.) Bermeo was allegedly the individual who instructed Plaintiff to not go to the emergency room in addition to being a part of the management team that told Plaintiff to stay out of work until he was cleared by the workers' compensation doctor. (*See id.*) Taking the allegations in the Complaint as true, Bermeo and his actions are closely related to the factual background and legal substance of Plaintiff's claims. *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012.

Accordingly, the necessity of Bermeo's joinder for just adjudication weighs in favor of permitting joinder.

### B. Statute of Limitations

Both parties agree that the statute of limitations would not prevent Plaintiff from bringing an original action against Bermeo in state court. (*See* Def.'s Opp'n at 7.) As such, this factor weighs against permitting joinder under Section 1447(e).

### C. Unexplained Delay in Seeking Joinder

The delay here in seeking to join Bermeo weighs in favor of granting leave to amend. Generally, courts consider "the length of time that passed between plaintiff filing the original complaint and the amended complaint" as well as "whether dispositive motions have been filed." *Reyes*, 2020 WL 7224286, at *5. Here, dispositive motions have not yet been filed which weighs in Plaintiff's motion for leave to amend being timely. *Id.* Additionally, Plaintiff's Motion was filed August 16, 2023, a bit over three months after the original complaint was filed on May 2, 2023, and approximately two months after the action was removed to this Court on June 15, 2023. (*See* Compl.; *see also* Pl.'s Mot.) This falls well within the bounds of what other courts have found to be an acceptable delay. *See e.g.*, *Lara v. Bandit Industries, Inc.*, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (finding a motion to amend filed five months after the original complaint and 3 months after removal to not constitute unexplained delay); *Aqua Connect, Inc. v. Code Rebel, LLC*, No. 11-cv-5764, 2012 WL 1535769, at *2 (C.D. Cal. Apr. 27, 2012) (Finding a five-month delay after the original complaint was filed was not unreasonable).

As such, this factor weighs in favor of granting Plaintiff's motion.

### D. Purpose of Joinder

Plaintiff's purpose in seeking to join Bermeo weighs somewhat against permitting joinder. While the Plaintiff's motive in requesting to join additional defendants is relevant to whether to grant leave to amend, especially where joining a new defendant will defeat diversity jurisdiction and require remand, *Desert Empire*

*Banc v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980), suspicion about whether plaintiff's purpose in amending is to destroy diversity is not an important factor in the Section 1447(e) analysis. *IBC Aviation Services, Inc.*, 125 F. Supp. 2d at 1012 ("Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants.").

Here, it is possible that Plaintiff's primary motive may be to destroy diversity. Plaintiff sought to amend shortly after removal and it is uncontested that Bermeo's joinder would necessitate remand of this action to state court. However, Bermeo's first name was mentioned in the original Complaint, indicating that Plaintiff had at least identified Bermeo as a participant from the beginning, and it remains at least plausible that Bermeo was only recently fully identified. Defendant notes that the inclusion of Bermeo's first name, "Joe", in the initial Complaint indicates Plaintiff was already aware of Bermeo's existence and that Plaintiff should have included him at that time. (Def.'s Opp'n at 7.) This may be accurate but it does not mean that Plaintiff definitively "knew it was Bermeo" as Defendant suggests. (*Id.*) Accordingly, it is not readily apparent that Plaintiff's sole motivation in joining Bermeo is to defeat diversity jurisdiction. *See Sandhu*, 2017 WL 403495, at *3 (finding that the purpose of joinder only weighed "somewhat against joinder" where it was not readily apparent that Plaintiff's sole motivation for seeking joinder was to defeat diversity jurisdiction and there appeared to be a valid claim against the non-diverse individual).

Still, the circumstances surrounding Plaintiff's motion suggest that Plaintiff's motive may be to defeat diversity jurisdiction. As such, this factor weighs somewhat against permitting joinder.

### E. Validity of Claim

Plaintiff's claim against Bermeo appears to meet the requirement of facial legitimacy to satisfy the validity factor. Under the Section 1447(e) standard, whether a claim is valid is based on the "facial legitimacy" of the claim. *Reyes*, 2020 WL 7224286, at *8. The claim "need not be plausible or stated with particularity" but

9

simply be sufficient for a state court to find that the Plaintiff states a cause of action against the non-diverse defendant. *Eguilos v. Volkswagen Group of America, Inc.*, No. 2:22-cv-00614-KJM-KJN, 2022 WL 2713273, at *4 (E.D. Cal. July 13, 2022).

Plaintiff claims that, along with Defendant, Bermeo participated in "Disability Harassment in Violation of FEHA" under California Government Code §§ 12940, *et seq*. To establish a claim for harassment, a plaintiff must demonstrate that: (1) they are a member of a protected class; (2) that they were subjected to harassment because they belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment. *Lawler*, 704 F.3d at 1244. Such harassment must be either sufficiently severe or pervasive that it alters the conditions of the victim's employment. *See Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 465 (1998); *see also Villalobos v. Costco Wholesale Corporation*, No. 2:23-cv-00622-DJC-JDP, 2023 WL 5108499, at *10 (E.D. Cal. Aug. 9, 2023). "There is no recovery for harassment that is occasional, isolated, sporadic, or trivial." *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009).

For purposes of the disability harassment claim in the PAC, Plaintiff alleges that he was "an actual, perceived, and/or potentially disabled person" (PAC ¶ 33) and was harassed by Defendant and Bermeo because of his disability (*id*. ¶¶ 35–36). Plaintiff argues that the harassment was severe and persuasive based on Bermeo's alleged statement upon learning Plaintiff was unable to work ("Hey, you need to come to f***ing work, and if you don't, we are going to f***ing terminate you. I don't believe that you're injured." (PAC ¶ 12)) as well as Bermeo's alleged continued harassment in "preventing Plaintiff from going to an emergency room to treat his injury and ordered him to stay away from work." (Pl.'s Reply at 7.) Plaintiff argues that Bermeo's actions were thus both pervasive and severe as they "altered the conditions of Plaintiff's employment, delayed Plaintiff's treatment and caused Plaintiff serious physical and mental suffering." (*Id.*)

The allegations in the PAC satisfy the facial legitimacy requirement to permit joinder under Section 1447(e). Plaintiff alleges that he suffered "a work-related foot

injury" that left him "unable to walk or move his foot" and caused him "unbearable pain." (PAC ¶¶ 11–13.) As a condition affecting the musculoskeletal system and limiting Plaintiff's ability to work, this injury, as alleged, would plausibly constitute a physical disability under California Government Code § 12926(m). *See* Cal. Gov't Code § 12926(m) (providing that a physical disability includes conditions affecting the musculoskeletal system and limiting major life activity which includes working). Thus, these allegations satisfy the first requirement to state a disability harassment claim as the fact that he had a physical disability would place him in a protected class. *See* Cal. Gov't Code § 12940(j); *see Lawler*, 704 F.3d at 1244. The alleged statements and actions of Bermeo also satisfy the second requirement as the purported harassment was also clearly related to Plaintiff's physical disability. (*See* PAC ¶¶ 12–13 (providing a purported statement from Bermeo wherein Bermeo's actions might constitute harassment of Plaintiff based on his physical disability).) Finally, the allegations in the PAC are enough to establish that the alleged harassment was sufficiently severe to create a hostile work environment. In the statement attributed to Bermeo in the PAC, Bermeo threatened Plaintiff with termination, demanded Plaintiff work despite his injury, and told Plaintiff that he did not believe Plaintiff was actually injured. (*See id.* ¶ 12.) Bermeo then later sought to keep Plaintiff from going to the emergency room to receive medical care for his injury. (*Id.* ¶ 13.) These alleged actions appear sufficiently severe and pervasive so as to alter the conditions of Plaintiff's employment. *See Etter*, 67 Cal. App. 4th at 465. As such they are sufficient to satisfy the third and final requirement to state a disability harassment claim under FEHA. *Lawler*, 704 F.3d at 1244.

       Plaintiff has alleged that he was a member of a protected group, that Bermeo directed harassment at him based on belonging to that group, and not only were Bermeo's alleged actions arguably severe but they also continued with the ongoing attempt to deny Plaintiff access to medical treatment. Plaintiff's factual allegations are sufficient to state a facially legitimate claim for disability harassment under FEHA. *See*

*Lawler*, 704 F.3d at 1244; *see also Eguilos*, 2022 WL 2713273, at *4.  Accordingly, this factor weighs in favor of permitting joinder under Section 1447(e).

### F.  Prejudice to Plaintiff

Plaintiff would be prejudiced if the Court were to deny Plaintiff's motion. Forcing a plaintiff to proceed with a second litigation in state court against a new defendant creates "avoidable prejudice."  *Reyes*, 2020 WL 7224286 at *10; *see Avellanet v. FCA US LLC*, No. 19-cv-7621-JFW (KSx), 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019); *see also Sandhu*, 2017 WL 403495, at *4.  If Plaintiff's motion is denied he would be forced to either abandon his claims against Bermeo or initiate a second separate action in state court.  As such, Plaintiff will be prejudiced by the denial of his motion.  *See Reyes*, 2020 WL 7224286 at *10, *see also Lara v. Bandit Industries*, 2013 WL 1155523, at *4–5 (E.D. Cal. Mar. 19, 2023) (finding a plaintiff would be prejudiced by the denial of a motion to amend a non-diverse party because "they would be required either to abandon a viable claim . . . or to initiate a duplicative litigation in state court.").  Thus, this factor weighs in favor of granting Plaintiff's motion under Section 1447(e).

### G.  Weighing Section 1447(e) Factors

The Section 1447(e) factors discussed above weigh in favor of permitting joinder.  The only factors weighing against joinder are that the statute of limitations has not run for Plaintiff to bring his claim against Bermeo in the state court and that the possible purpose of the proposed joinder is to defeat federal jurisdiction.  As all the other factors weigh in favor of permitting joinder, the Court exercises its discretion to permit the joinder of Bermeo as a defendant in this action under 28 U.S.C. §1447(e).  *See Dordoni v. FCA US LLC*, No. 20-cv-1475 JGB (SHKx), 2020 WL 6082132 at *4–5 (C.D. Cal. Oct. 15, 2020) (permitting amendment to join a defendant under Section 1447(e) where the statute of limitations had not run and Plaintiff's partial purpose in joining a party may have been to defeat diversity); *Avellanet*, 2019 WL

5448199, at *3-4 (same); *Sandhu*, 2017 WL 403495, at *2-4 (same).  Thus, the Court grants Plaintiff's Motion to Amend the Complaint (ECF No. 4).

## CONCLUSION

In accordance with the above, it is hereby ordered that:

1. Plaintiff's Motion to Amend the Complaint (ECF No. 4) is GRANTED
2. The Proposed Amended Complaint shall serve as the operative complaint in this action; and
3. This action is remanded back to the San Joaquin Superior Court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   **March 25, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – nand23cv01142.amend